■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LARRY WALDEN, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered March 12, 1965, convicting him of robbery in the first degree, grand larceny in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. No questions of fact were considered. Errors were committed at the trial which necessitate a reversal of the judgment of conviction. (See *People* v. *Allen*, 26 A D 2d 573 [revg. the conviction of appellant's codefendant]; see, also, *People* v. *Noble*, 9 N Y 2d 571; *People* v. *Morgan*, 17 N Y 2d 696.) Christ, Acting P. J., Brennan, Hill, Hopkins and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALEXANDER W. SLADE, Appellant, v. HAROLD W. FOLLETTE, as Warden of Green Haven Prison, Respondent.— In a habeas corpus proceeding, relator appeals from a judgment of the Supreme Court, Dutchess County, entered January 19, 1966, which, after a hearing, dismissed the writ and remanded him to respondent's custody. Judgment reversed on the law, without costs, and proceeding remitted to the Special Term for the purpose of: (1) holding a further hearing; (2) assigning counsel to represent relator on such hearing; and (3) making a determination *de novo* on the basis of the proof adduced upon such hearing. No questions of fact were considered. It was error for the Special Term to have disregarded relator's request that counsel be appointed to represent him and to have dismissed the writ without granting the request *(People ex rel. Rodriguez* v. *La Vallee*, 26 A D 2d 8; *People ex rel. Barber* v. *Fay*, 25 A D 2d 778; *People ex rel. King* v. *Fay*, 25 A D 2d 778). Beldock, P. J., Ughetta, Christ, Rabin and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. PAUL MCINTYRE, Appellant, v. HAROLD W. FOLLETTE, as Warden of Green Haven Prison, Respondent.— In a habeas corpus proceeding, motion by appellant to prosecute appeal as a poor person and for assignment of counsel on appeal from a judgment of the Supreme Court, Dutchess County, entered June 22, 1966, disposed of as follows: (1) The appeal will be heard on the original papers (including the typewritten stenographic minutes) and on appellant's and respondent's typewritten briefs. The parties are directed to file eight copies of their respective briefs and to serve one copy on each other. (2) Appellant's time to perfect the appeal is enlarged to the February 1967 Term; appeal ordered on the calendar for said term. (3) Max Klein, Esq., of 20 South Broadway, Yonkers, New York, is assigned as counsel to prosecute the appeal (pursuant to Judiciary Law, § 35, as amd. by L. 1966, ch. 761, § 6). (4) Leave to appeal as a poor person is denied, without prejudice to renewal of the motion as to such leave, upon papers showing proper compliance with the statute (CPLR 1101, as amd. by L. 1966, ch. 455, § 2). Brennan, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.